Roland P. Reynolds, SBN 150864
rreynolds@pldlawyers.com
Chetna Vora, SBN 223311
cvora@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant FLAGSTAR BANK, FSB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. KIMBALL an individual, and KATHIE D. KIMBALL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FLAGSTAR BANK FSB, a Federal savings bank, and DOES 1 through 40 inclusive,<br><br>Defendants. | Case No. 12-CV-0429-AJB NLS<br><br>[Honorable Anthony J. Battaglia]<br><br>**DEFENDANT FLAGSTAR BANK, FSB'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PER F.R.C.P. RULE 12(b)(6)**<br><br>**Date: August 17, 2012**<br>**Time: 1:30 p.m.**<br>**Ctrm: 12**<br><br>Action Filed: February 17, 2012<br>Trial Date: None set |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P."), Defendant FLAGSTAR BANK, FSB ("Defendant" or "Flagstar"), submits the following Reply in support of its Motion to Dismiss the Complaint and each and every cause of action therein filed by Plaintiffs LARRY A. KIMBALL and KATHIE D. KIMBALL ("Plaintiffs").

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY OF ARGUMENTS.**

Plaintiffs' Opposition to the Motion to Dismiss blatantly misstates the law and does nothing to repair the gross deficiencies in their garden-variety mortgage foreclosure Complaint. Plaintiffs confirm that no amendment can salvage these claims, necessitating the dismissal of the entire Complaint *with prejudice*.

## II. THE FRAUD BASED CLAIMS ARE INADEQUATELY PLED AND EQUITABLE TOLLING IS INAPPLICABLE.

### A. Plaintiffs' Fraud Claims Do Not Satisfy Rule 9(b) Requirements.

Plaintiffs' Opposition reaffirms that their intentional misrepresentation and fraud claims are based on "the fraudulent representations *which were given to the Plaintiffs in writing*" . . . "at the consummation of their loan". Opposition at 3:23-3:26. By merely regurgitating the litany of omitted disclosures, the Opposition tacitly admits that the Complaint cannot be amended with greater specificity. Opposition at 4:1-6:14; and Complaint ¶¶ 27(a) – (f), 67.

Plaintiffs asks this Court to ignore the strict pleading requirements for fraud under Rule 9 by advocating that it should not apply to them because they "cannot be expected to have personal knowledge of the relevant facts." Opposition at 7:25-26. Plaintiffs speciously assert that they cannot identify when and where these supposed misrepresentations occurred, or who at Flagstar made the alleged misrepresentations. Asking for a "relaxed" pleading standard for fraud, Plaintiffs refer to the inapplicable mandates used in securities cases. Opposition at 8:1-4. Plaintiffs' attempt to distinguish this case from the controlling authorities is unavailing. Rule 9(b) requires that the *circumstances* of the fraud must be stated with particularity, which Plaintiffs have not done. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

The Opposition further ignores the fact that Plaintiffs received all requisite disclosures and that they could have discovered the purported errors as they received all written disclosure at the consummation of the loan on or about January 11, 2008. RJN exhibits G-I. By failing to respond to the slew of authorities, which provide that "failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose", Plaintiffs concede their validity. *Kovich v. Paseo Del Mar Homeowners' Assn*., 41 Cal.App.4th 863, 866, 48 Cal.Rptr.2d 758 (1996). Plaintiffs have not alleged that

PALMER, LOMBARDI & DONOHUE LLP
515 S. Flower Street, Suite 2100
Los Angeles, California 90071

there exists fiduciary relationship exceeding those of an ordinary lender such that Flagstar owed them a duty of care, necessitating the dismissal of this claim.

### B. Plaintiffs Have Not Alleged Any Basis For Equitable Tolling.

Plaintiffs' fraud based claims premised on their supposed receipt of only one copy of the Notice of Right to Cancel, with a wrong rescission date, is barred by the three-year statute of limitation under California Code of Civil Procedure ("C.C.P.) section 338(d). Opposition at 8:25-9:7.

Though refuted, even giving Plaintiffs' claims credence, the alleged violations occurred on January 11, 2008. RJN exhibit C. In the exercise of reasonable diligence, which is not plead, Plaintiffs should have discovered by January 11, 2011, the acts constituting the alleged violation. On its face, the fraud causes of action are time barred. A district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006).

Plaintiffs argue that "the statute of limitations for TILA and Fraud should further be tolled." Opposition at 9:10. However, the Opposition reinforces that Plaintiffs buried their head in the sand until the downturn in the market to "research their options", which opportunely turned up TILA violations. Opposition 1:26-2:3. Plaintiffs however, do not supply the requisite specificity to justify an application of the discovery rule for equitable tolling. See *Gutierrez v. PNC Mortg,* 2012 WL 1033063 *3 (S.D. Cal. Mar. 26, 2012) (this Court granted a motion to dismiss under section 338 because Plaintiff had not sufficiently alleged why he could not have discovered the alleged wrongdoing earlier.).

The Opposition does not dispute that Plaintiffs are charged with the knowledge of the documents they signed. The conclusion that Plaintiffs "justifiably relied on the representations that were made to them by Flagstar during the consummation of their loan" are baseless and unsupported. Opposition at 10:1-4.
///

Plaintiffs' attempt to advance a long abrogated theory that "recoupment is a defense that is never barred by the statute of limitations so long as the foreclosure itself is taking place" is also misplaced. Opposition at 10:8-10.  Neither of the two cases cited in the Opposition considered rescission under 15 U.S.C. §1635(f).  In *United States v. Dalm,* 494 US 596, 599 (1990), and in *Bull v. United States*, 295 US 247 (1935), plaintiffs sought recoupment of taxes. In the controlling case of *Beach*, the United States Supreme Court expressly scrutinized section 1635(f), holding "that statutory right of rescission under TILA may not be revived as recoupment defense beyond three-year expiration period, abrogating *In re Barsky; In re Botelho; In re Shaw; Federal Deposit Ins. Corp. v. Ablin; Community Nat. Bank & Trust Co. of N.Y. v. McClammy; Dawe v. Merchants Mortgage and Trust Corp.*"  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 415, 118 S. Ct. 1408 (1998).

Accordingly, this Court should dismiss the first cause of action for intentional misrepresentation and seventh cause of action for fraud, with prejudice.

## III. CONTRACT DAMAGES FOR THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING ARE NOT STATED AND ARE TIME BARRED.

Plaintiffs concede that there is no tort cause of action for breach of the covenant of good faith and fair dealing.  Opposition at 10:25-27.  Thus, they profess that this "cause of action seeks only contractual remedies". Opposition at 10:27-28. Plaintiffs however, do not allege the terms of the contract(s), i.e. the mortgage agreement, or how Defendant's conduct frustrated any of its specific provisions. Instead, Plaintiffs claim that by overstating the finance charges, it "inflates a broader board of figures such as the APR, Amount Financed, and Finance Charges as disclosed on the Truth in Lending Disclosure Statement." Opposition at 11:5-9 and Complaint ¶ 37.  These disclosures pertain to conduct occurring entirely during pre-loan negotiations, which do not support a claim for bad faith.  *Sullivan v. JP Morgan Chase Bank, NA*, 725 F.Supp.2d 1087, 1099 (E.D. Cal. 2010).

PALMER, LOMBARDI & DONOHUE LLP
515 S. Flower Street, Suite 2100
Los Angeles, California 90071

Even if a claim for bad faith sounding in contract is plead, the claim is time-barred. "A claim for the covenant of good faith and fair dealing has a two year statute of limitations when it sounds in tort, and *four years* if it sounds in contract. *Love v. Fire Insurance Exchange*, 221 Cal.App.3d 1136, 1144, 271 Cal.Rptr. 246 (1990); C.C.P. § 337(1). The TILDS was signed on January 11, 2008. RJN exhibit G. The Complaint was filed February 17, 2012, over a month too late. As stated above, no basis for equitable tolling exists due to their lack of due diligence in investigating their claims. Hence, the breach of the implied covenant of good faith and fair dealing sounding in tort or contract fail and are time-barred.

## IV. THE DECLARATORY RELIEF CLAIM IS NOT STATED.

Declaratory relief is not a separate cause of action; rather, it is simply a remedy. *Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (2007). Neglecting to oppose the charge that their declaratory relief action is redundant and thus, unnecessary and that they have adequate relief under their other claims, Plaintiffs implicitly concede these arguments.

As this Court has recognized, "because the other causes of action fail to state a claim, Plaintiffs have not demonstrated the requisite "substantial controversy" for declaratory judgment." *Chan v. Chancelor*, 2011 WL 5914263 (S.D. Cal. Nov. 28, 2011) citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Plaintiffs have failed to state any claims against Flagstar. Thus, this cause of action should be dismissed, without leave to amend.

## V. PLAINTIFFS' QUIET TITLE CLAIM FAILS AS A MATTER OF LAW DUE TO LACK OF AN UNCONDITIONAL TENDER.

Incorrectly calling on the tender scheme available under the TILA rescission statute, the Opposition boasts of Plaintiffs' willingness and ability to make a conditional tender in support of for their Quiet Title claim. Opposition at 11:11, 12:6-8. California law in unequivocal, nothing short of full amount due creditor is sufficient to constitute valid tender, and debtor must at his peril offer full amount."

*Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1170 (E.D. Cal. 2010).  As explained infra, Plaintiffs' empty assurance of their "ability" to tender is insufficient and immaterial. The Quiet Title cause of action should be dismissed with prejudice.

## VI. PLAINTIFFS' FIFTH CLAIM FOR VIOLATIONS OF TILA AND HOEPA FAIL AS A MATTER OF LAW.

### A. Equitable Tolling Is Unproven To Save The TILA Damages Claim.

Though refuted, accepting Plaintiffs' allegations that they received inaccurate disclosures and did not receive two copies of the Notice of the Right To Cancel, on the face of the Complaint, Plaintiffs' damages claim is still barred. Plaintiffs had one year to bring a damages claim under 15 U.S.C. § 1640(e). *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045 (9th Cir. 2011).  The loan was consummated on January 11, 2008, but Plaintiffs did not file suit until February 17, 2012.  As detailed above, other than conclusory statements that Defendant acted fraudulently, Plaintiffs fail to establish why they could not have discovered the alleged TILA violations earlier or how Flagstar prevented them from doing so. Thus, their TILA damages claim is time-barred and equitable tolling is inapplicable.

### B. Rescission Under TILA Fail As A Matter Of Law.

#### 1. The Rescission Claim Is Time-Barred.

Plaintiffs accept that "some Courts have construed *Beach* as holding that section 1635(f) is a statute of repose, and have concluded from that premise that it is not subject to equitable tolling." Opposition at 15:25-27.  This Court is one of them. Citing to a non-binding authority, Plaintiffs still recommend that since "the *Beach* decision **never** characterizes the three year rescission period as a statute of repose", they have stated a claim within the statute of limitation."  Opposition at 15:28-16:3. However, this Court has specifically ruled that "section 1635(f) is a statute of repose that completely extinguishes the right of rescission after three years and thereby deprives the courts of jurisdiction following this period." *Gutierrez,* 2012 WL 1033063 *5 citing *Beach*, 523 U.S. at 412. Rescission under TILA is time-barred.

PALMER, LOMBARDI & DONOHUE LLP
515 S. Flower Street, Suite 2100
Los Angeles, California 90071

### 2. Plaintiffs' Fail To Show A Present Ability To Tender.

The weight of the authority in California finds that Plaintiffs must do more than state a speculative ability to tender. The Opposition repeats that "[Plaintiffs] are willing and able to tender and all amounts due to Defendants upon the condition that Defendants do likewise." Opposition at 11:14-15. Given Plaintiffs admitted default on the loan, without additional facts, their words are meaningless.

Relying on *Yamamoto v. Bank of N.Y.,* 329 F.3d 1167, 1173 (9th Cir. 2003), numerous district courts, including this district, have dismissed TILA rescission claims at the motion to dismiss stage on the ground that the borrower failed to allege a present ability to tender. *Cook v. Wells Fargo Bank*, 2010 WL 1289892 *4 (S.D.Cal. Mar. 26, 2010) (listing cases dismissing TILA claim at pleading stage). The *Cook* Court denied the TILA rescission claim because "Plaintiffs have alleged a willingness, or "preparedness," to tender, but have not pled facts that would establish their ability to tender. Plaintiffs have thus failed to provide "[f]actual allegations . . . enough to raise [their] right to relief above the speculative level" as to their TILA claims." *Id.* *5.  Even *Valdez v. Am.'s Wholesale Lender*, 2009 WL 5114305 (N.D. Cal. Dec. 18, 2009), cited in the Opposition noted that "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." *Id.;* Opposition at 12:11-18.

Plaintiffs have squandered their opportunity to pled facts that would establish their present ability to tender, warranting a dismissal of this claim with prejudice.

### C. Plaintiffs' Have Abandoned Their HOEPA Claim.

Plaintiffs' have abandoned their HOEPA claim as the Opposition is entirely silent in offering arguments or opposition to support this claim. As detailed in the moving papers, even if a claim is stated, it is time-barred and redundant, warranting its dismissal with prejudice.

///

## VII. PLAINTIFFS' UCL CLAIM STILL FAILS.

To discount their admission that their entire Complaint, including their fraud based claims are founded on TILA violations, which is preempted, Plaintiffs argue that their "§ 17200 claims are based on negligence and fraud." Opposition at 16:19-22. Plaintiffs have not pled facts to support their fraud claims. Plaintiffs must meet the heightened pleading standards of Rule 9(b), which apply to all actions sounding in fraud, including UCL actions. *Romero v. Countrywide Bank, N.A.,* 740 F.Supp.2d 1129, 1147 (N.D. Cal. 2010) citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). For the same reasons that their fraud based claims fail, Plaintiffs' allegations with respect to their UCL fraud claims also fall short under Rule 9(b).

Also, Plaintiffs have not stated a violation of any underlying claims by Flagstar to support their UCL cause of action, warranting its dismissal. Given Flagstar's demonstrated compliance with TILA, a safe harbor exists for the unfair competition claims. *Hauk v. JP Morgan Chase Bank USA,* 552 F.3d 1114, 1122 (9th Cir. 2009). Accordingly, Plaintiffs § 17200 claim must be dismissed with prejudice.

## VIII. PLAINTIFFS' HAMP VIOLATION CLAIM IS UNTENABLE.

Rebuking all binding authorities, Plaintiffs incorrectly reference *Wigod v. Wells Fargo Bank, N.A.* 673 F.3d 547 (2012) in support of their HAMP cause of action. Opposition at 17:9-14. Plaintiffs' reliance on *Wigod* is flawed and misplaced. Having examined a HAMP violation claim, this Court found that "most district courts in the Ninth Circuit, as well as the Seventh and Eleventh Circuit Courts of Appeals, have held that even though entering into the HAMP SPA imposes certain obligations on participating servicers and lenders to take steps to avoid foreclosures, agreements under the HAMP SPA do not provide an express or implied private right of action for borrowers as third party beneficiaries." *Gutierrez,* 2012 WL 1033063 *9 citing *Wigod v. Wells Fargo Bank, N.A.*, 2012 WL 727646 *15 (7th Cir. Mar. 7, 2012). This reasoning was recently echoed by the Eleventh Circuit Appellate Court in *Miller v. Chase Home Finance, LLC,* 2012 WL 1345834

PALMER, LOMBARDI & DONOHUE LLP
515 S. Flower Street, Suite 2100
Los Angeles, California 90071

*4 (11th Cir. Apr. 19, 2012) "[n]either HAMP nor EESA expressly creates a private right of action for borrowers against loan servicers." *Miller* also echoed the public policy rational for denying HAMP claims reasoning that "[] providing a private right of action against mortgage servicers contravenes the purpose of HAMP – to encourage servicers to modify loan – because it would likely chill servicer participation based on fear of exposure to litigation." *Id.* at p. 5. Accordingly, Plaintiffs' HAMP violation cause of action should be dismissed with prejudice.

## IX. THE ACCOUNTING CAUSE OF ACTION SHOULD BE DISMISSED AS PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW.

Other than a self-serving statement, the Opposition provides no authority to support Plaintiffs' contention that their "allegations relate directly to the complicated accounts between Plaintiffs and Defendant." Opposition 18:12-13. Plaintiffs have an adequate remedy at law requiring the dismissal of this claim.

## X. THE CANCELLATION OF WRITTEN INSTRUMENT CAUSE OF ACTION FAILS TO STATE A CLAIM.

California law demands that in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a "valid and viable tender [offer] of payment of the indebtedness." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 92 Cal.Rptr. 851, 854 (1971). The Opposition admits that Plaintiffs have not tendered. Their illusory offer to tender, without the demonstrated ability to tender, is akin to no tender. *Stebley v. Litton Loan Servicing, LLP*, 202 Cal.App.4th 522, 134 Cal.Rptr.3d 604 *2 (2011). Thus, this claim fails as matter of law.

Moreover, "a nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.' This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity", which Plaintiffs have not presented. *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d 413 (2005). A non-judicial foreclosure sale of the Property was concluded on April 20, 2012. Plaintiffs' claim that "Flagstar Bank is

merely the servicer" is wholly contrary to the DOT as Flagstar plainly identified as the Lender. Likewise, the accusation that the "DOT was signed by Sharon Morgan" is nonsensical. RJN exhibit A. Presumably, Plaintiffs refer to the Assignment of the DOT. RJN exhibit J. Even then, under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or *any of their authorized agents*" may conduct the foreclosure process. *Hamilton*, supra, 746 F. Supp. 2d at 1174 (emphasis added).

Further, under California's nonjudicial foreclosure law, filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure is not permitted. *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1156, 121 Cal.Rptr.3d 819 (2011).

Independently, MERS's has the right to foreclosure as a beneficiary under the Deed of Trust. RJN exhibit A. Plaintiffs persist that "MERS has no standing to assign the security instrument as they are not the real party in interest to the loan and have no stake in the mortgage." Opposition 19:3-4. This flawed theory has been repeatedly invalidated by the Courts. The Opposition refuses to address the slew of binding authorities, i.e. *Gomes, Fontenot, Calvo*, etc, continuing to mistakenly rely on non-binding bankruptcy decisions, *In re Walker,* and *In Luis E. Gallardo,* which have been rejected. Opposition at 20:2-16. "Even if we interpret *In re Walker* to mean that MERS had no beneficial interest to assign to respondent, this argument was explicitly rejected in [*Gomes*], with which we agree." *Kurek v. America's Wholesale Lender* 2011 WL 3240482 at 2 (N.D. Cal. 2011) citing *Bogosian v. CR Title Services, Inc.* 2011 WL 2039368 *2 (N.D. Cal. 2011).

As such, the tenth cause of action for cancellation of written instrument should be dismissed, without leave to amend.

## XI. CONCLUSION.

Defendant respectfully request that in light of Plaintiffs inability to plead a single cognizable claim against Flagstar, the entire Complaint and each and every claim stated therein be dismissed with prejudice.

DATED: May 4, 2012         PALMER, LOMBARDI & DONOHUE LLP

By     /s/ Chetna Vora
ROLAND P. REYNOLDS
CHETNA VORA
Attorneys for Defendant FLAGSTAR BANK, FSB