UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. KIMBALL, and KATHIE D. KIMBALL,<br><br>                Plaintiffs,<br>v.<br><br>FLAGSTAR BANK F.S.B., et al.,<br><br>                Defendants. | Case No.: 12cv0429 AJB (BGS)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>(Doc. Nos. 4, 10) |

      Presently before the Court are Defendants' motion to dismiss Plaintiffs' Complaint (Doc. No. 4) and Plaintiffs' motion for leave to amend the Complaint (Doc. No. 10). In accordance with Civil Local Rule 7.1.d.1, the Court finds these motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for August 17, 2012 is hereby vacated. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, and Plaintiffs' motion to amend is **DENIED AS MOOT**.

**I.**

**BACKGROUND**

      Plaintiffs Larry and Kathie Kimball (collectively "Plaintiffs") are owners of real property in San Diego. (Compl. ¶ 18.) In January 2008, Plaintiffs refinanced an existing loan with a new loan in the amount of $350,000. (*Id.* ¶ 19.) The note on the property is secured by a Deed of Trust recorded on January 10, 2008. The Deed of Trust identifies Defendant Flagstar Bank, F.S.B. ("Flagstar") as the

1  lender, Joan H. Anderson as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS")
2  as the beneficiary. (Req. for Judicial Notice ("RJN") Ex. A.)[1]

3  After the value of Plaintiffs' residence considerably dropped, Plaintiffs "discovered that their
4  loan had numerous violations of the Federal Truth in Lending Act ("TILA") and Federal Reserve
5  Regulation Z, and determined that many of the disclosures did not comply with California and Federal
6  law[,]" which spurred the instant lawsuit. (Compl. ¶¶ 20, 21.) In support of their TILA violation,
7  Plaintiffs identify a myriad of defects in the loan documents. (*See id.* at ¶¶ 23(I)-(X).) Although
8  Plaintiffs acknowledge that they received a copy, Plaintiffs allege that they failed to receive the requisite
9  two copies of the Notice of Right to Cancel. They also claim that the Notice of Right to Cancel was
10  defective as to the date the rescission period expired. (*Id.* at ¶¶ 23(I)-(II).) Plaintiffs further contend
11  that the unsigned Truth in Lending Disclosure Statement incorrectly recites the Amount Financed and
12  Finance Charges. (*Id.* at ¶¶ 23(IV)-(V).) Finally, Plaintiffs contend that although the Yield Spread
13  Premium is stated in the Final Settlement Statement, Defendants allegedly failed to disclose information
14  on the Estimated Closing Statement. (*Id.* at ¶ 23(IV); *see also* RJN Ex. D.)

15  Plaintiffs filed this action on February 17, 2012, seeking rescission of the loan and statutory
16  damages. The Complaint sets forth ten causes of action: (1) intentional misrepresentation, (2) breach of
17  the covenant of good faith and fair dealing, (3) declaratory relief, (4) quiet title, (5) rescission and
18  damages under TILA, (6) California Unfair Business Practices, (7) fraud, (8) violation of the Home
19  Affordable Modification Program ("HAMP") under the Emergency Economic Stabilization Act of 2008,
20  (9) accounting, and (10) cancellation of instrument.

21  Defendants filed the instant motion to dismiss on March 16, 2012. Plaintiffs filed an Opposition
22  on April 20, 2012, and Defendants filed a Reply on May 4, 2012.
23  //
24

---

[1] Defendants request that the Court take judicial notice of a number of documents relating to Plaintiffs' loan. (Doc. 4-1.) Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Moreover, a district court may consider matters subject to judicial notice in ruling on a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The Court finds that these documents are judicially noticeable and grants Defendants' request.

## II.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

## DISCUSSION

Defendants argue that all of Plaintiffs' causes of action should be dismissed for failure to state a claim under Rule 12(b)(6). The causes of action are addressed in turn.

**A.     Intentional Misrepresentation and Fraud**

In their first cause of action for intentional misrepresentation, Plaintiffs allege that Defendants concealed or suppressed material facts, including Plaintiffs' right to cancel, the accuracy of the finance charges, and the Yield Spread Premium charges. (Compl. ¶ 27.) Plaintiffs also allege that Defendants failed to assess Plaintiffs' ability to repay the loan and put Plaintiffs in a loan where there was a high probability of default. (*Id.*) Plaintiffs' seventh cause of action for fraud alleges that Defendants failed to "accurately and honestly disclose the material terms of the loan to the Plaintiffs and to make certain Plaintiffs understood the terms of the loan that they were entering into." (*Id.* at ¶ 67.) Plaintiffs claim that they relied upon such representations and omissions and were induced into obtaining the subject loan and modification on the Property. (*Id.* at ¶ 71.) Defendants move to dismiss Plaintiffs' fraud-based claims for failure to satisfy Rule 9(b)'s heightened pleading requirements. Additionally, Defendants assert that Plaintiffs' fraud-based causes of action are time-barred and therefore must be dismissed.

### *1.      Particularity Pleading Standard*

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal.App.4th 1371, 1381 (Cal. Ct. App. 2006). Under Federal Rule of Civil Procedure 9(b), a party alleging fraud or intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted). Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds*). A plaintiff must also differentiate his allegations when suing more than one defendant, especially in the context of fraud claims. *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir. 2007).

Defendants argue that Plaintiffs "do not and cannot identify the individual at Flagstar they spoke with during the loan transaction that is responsible for the alleged misrepresentations." (Defs.' Mot. at 5.) Defendants further assert that the Complaint lacks specificity as to the fundamentals of when and where these misrepresentations occurred, or how Defendants prevented Plaintiffs from discovering them. (*Id.*) In their opposition, Plaintiffs assert that they cannot be expected to have personal knowledge of the relevant facts and therefore a relaxed pleading requirement should apply. (Pls.' Opp'n at 7.) The Court disagrees. Plaintiffs contend that they cannot identify when and where these alleged misrepresentations occurred, or what individual at Flagstar made such misrepresentations. (*See id.* at 8.) The conclusory allegations of fraud against Defendants are insufficient to meet Rule 9(b)'s strict pleading standards.

Furthermore, Defendants assert that Plaintiffs' allegation that Flagstar concealed or suppressed facts by non-disclosure of provided material documents is "not plausible" and contrary to the signed

1 records.² (Defs.' Mot. at 5.) Defendants specifically contend that the documents attached to the
2 Request for Judicial Notice confirm that Plaintiffs received all material disclosures. Moreover, even if
3 Defendants failed to disclose material facts known only to Defendants and not to Plaintiffs, Defendants
4 argue that because there is no fiduciary relationship between the parties, failure to disclose such material
5 facts is not actionable fraud. *See Kovich v. Paseo Del Mar Homeowners' Ass'n*, 41 Cal. App. 4th 863,
6 866 (Cal. Ct. App. 1996) ("The general rule for liability for nondisclosure is that even if material facts
7 are known to one party and not the other, failure to disclose those facts is not actionable fraud unless
8 there is some fiduciary or confidential relationship giving rise to a duty to disclose."); *see also Nymark
9 v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 (Cal. Ct. App. 1991) (stating that there is
10 no fiduciary relationship between a lender and a borrower). The Court agrees, and thus Plaintiffs' bare
11 allegations of fraud and intentional misrepresentations are insufficient to state a cognizable claim under
12 the standards set forth above.

13    ### 2. *Limitations Period*

14 Defendants additionally argue that Plaintiffs' fraud-based claims are barred by the three-year
15 statute of limitation under California Code of Civil Procedure § 338(d), because they arise from an
16 alleged wrongdoing that occurred at the time of the loan's origination on January 10, 2008. Plaintiffs
17 did not file the Complaint until February 17, 2012, more than four years later.

18 Plaintiffs attempt to establish that their claims should not be barred by the applicable statute of
19 limitations under the doctrine of equitable tolling. Plaintiffs, however, have failed to establish that
20 equitable tolling should apply in this case. A party asserting equitable tolling must demonstrate that: (1)
21 she has been diligent in pursuing her rights, and (2) "'extraordinary circumstances beyond [her] control
22 made it impossible to file the claims on time.'" *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004
23 (9th Cir. 2006) (quoting *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991)). The
24 doctrine is to be applied sparingly and is reserved only for "extreme cases," such as when the claimant
25 has been tricked by an adversary into letting a deadline expire, an administrative agency's notice of the
26 statutory period is clearly inadequate, or when the statute of limitations is not complied with solely due

27
28     ² Although the parties dispute whether the Notice of Right to Cancel was signed or not by Plaintiffs, the Court finds it to be irrelevant because Plaintiffs' allegations of fraud and intentional misrepresentation are insufficient and therefore dismissed on other grounds.

to defective pleadings. *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Plaintiffs allege that they did not discover the fraudulent misrepresentations and TILA violations in their loans "until years after the loan transaction was consummated." (Pls.' Opp'n at 9.) However, Plaintiffs fail to allege why they could not have discovered the alleged wrongdoing earlier. There is no suggestion that Defendants prevented Plaintiffs from comparing their loan documents and disclosures with the TILA requirements. *See, e.g.*, *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("Nothing prevented [the plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements.") (citation omitted). Thus, Plaintiffs have not adequately explained their failure to exercise due diligence in preserving their legal rights given that Plaintiffs obtained the loan in January 2008, at which point they had the opportunity to investigate any alleged fraud or other improprieties with the loan. In a case such as this, courts are "generally unforgiving . . . when a late filing is due to [a litigant's] failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 498 U.S. at 96).

Furthermore, Plaintiffs' allegations do not supply the requisite specificity to justify equitable tolling. *See, e.g.*, *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal.App.3d 716, 719-20 (Cal. Ct. App. 1971). Plaintiffs assert that because documents, including the Notice of Right to Cancel, were allegedly withheld from Plaintiffs, they "reasonably and justifiably relied on the representations that were made to them by Flagstar during the consummation of their loan." (Pls.' Opp'n at 10.) However, Plaintiffs cannot claim they relied on Defendants' alleged misrepresentations regarding the loan because they had access to and signed the loan documents. *See Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (Cal. Ct. App. 1996). Therefore, it does not appear from the Complaint that equitable tolling applies.[3]

---

[3] To the extent that Plaintiffs argue they are entitled to recoupment under TILA and that such a "defense is never barred by the statute of limitations so long as the foreclosure is taking place," Plaintiffs' argument fails. (*See* Pls.' Opp'n at 10.) In *Beach v. Ocwen Fed. Bank*, the U.S. Supreme Court addressed whether a borrower may assert his right to rescind as an affirmative defense in a collection action brought by the lender more than three years after the consummation of the transaction. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411-12 (1998). Examining 15 U.S.C. § 1635(f), the Court held that the statutory right of rescission under TILA may not be revived as a recoupment defense beyond the three-year expiration period. *Id.* at 417-19. Thus, Plaintiffs failed to file their TILA and fraud-based claims against Defendants within the statute of limitations, and equitable tolling does not apply.

The Court therefore grants Defendants' motion to dismiss the first and seventh causes of action, with leave to amend.

**B.     Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiffs' second cause of action is for breach of the covenant of good faith and fair dealing, which provides that no party to a contract may do anything that would deprive another party of the benefits of the agreement. *See Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400 (Cal. 2000) (stating that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement"). The implied covenant of good faith and fair dealing is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (Cal. Ct. App. 2004). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (Cal. Ct. App. 2008).

Plaintiffs' Complaint alleges that "the agreement entered into between Plaintiffs and Defendant[s] . . . contained an implicit covenant of good faith and fair dealing," and Defendants breached that duty by "failing to disclose material information in the loan application process, [and] manipulation and improper disclosure of the finance charges . . . ." (Compl. ¶¶ 36-37.) Plaintiffs claim that overstating the finance charges "inflates a broader board of figures such as the APR, Amount Financed, and Finance Charges as disclosed on the Truth in Lending Disclosure Statement." (Pls.' Opp'n at 11.)

Plaintiffs' claim, however, fails because they do not allege the terms of the contract entered into between the parties or how Defendants' conduct frustrated any of its specific provisions. Further, the contract underlying the instant claim is the trust deed, and the alleged withholding of disclosures appears to have occurred prior to its execution. Conduct occurring during pre-loan negotiations cannot support a claim for breach of the implied covenant of good faith and fair dealing. *Newsom v. Country-wide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1007 (N.D. Cal. 2010) (citing *McClain v. Octagon Plaza,*

*LLC*, 159 Cal. App. 4th 784, 799 (Cal. Ct. App. 2008)); *see also Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1099 (E.D. Cal. 2010).

Therefore, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing against Defendants is dismissed, with leave to amend.[4]

**C.     Declaratory Relief**

In their Complaint, Plaintiffs seek a declaration of the parties' rights and duties and a declaration as to "whether Defendants violated federal and state lending laws, whether Plaintiffs are required to tender proceeds to [] Defendants, whether Plaintiffs are obligated under the Deed of Trust and, if so, to whom." (Compl. ¶ 44.) Defendants argue that the claim for declaratory relief should be dismissed because it is simply a remedy and not a cause of action. Defendants also argue that the claim fails because Plaintiffs have not alleged an ability to tender and it is duplicative of their other claims.

Declaratory relief is not an independent cause of action, but instead a form of equitable relief. *Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 82 (Cal. Ct. App. 2007). Additionally, "because the other causes of action fail to state a claim, Plaintiffs have not demonstrated the requisite 'substantial controversy' for declaratory judgment." *Chan v. Chancelor*, 2011 WL 5914263, at *6 (S.D. Cal. Nov. 28, 2011) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Lastly, Plaintiffs' claim for declaratory relief fails because the claim is duplicative of their other claims. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (dismissing declaratory judgment claim where claim was duplicative of other invalid claims). Plaintiffs' claim for declaratory relief is based upon the same allegations supporting their other causes of action and merely seeks a declaration of the legal rights of the parties and a declaration that the loan is voidable and rescinded or that they must be granted a loan modification.

---

[4] Defendants contend that even if a claim for bad faith sounding in contract is pleaded, the claim is time-barred. (Defs.' Reply at 5.) A claim for the covenant of good faith and fair dealing has a two-year statute of limitations when it sounds in tort, and four years if it sounds in contract. *See Love v. Fire Insurance Exchange*, 221 Cal.App.3d 1136, 1144 n.4 (Cal. Ct. App. 1990); Cal. Civ. Proc. Code §§ 337, 339. Plaintiffs consummated their loan on January 10, 2008, but the Complaint was not filed until February 17, 2012, over a month after the four-year statute of limitations period. Therefore, Plaintiffs' claim for breach of the covenant of good faith and fair dealing additionally fails because it is time-barred.

1    For these reasons, Plaintiffs' third cause of action fails as a matter of law, and the Court dismisses it with prejudice.

**D.    Quiet Title**

In their fourth cause of action, Plaintiffs allege that they have rescinded the loan agreement and are entitled to quiet title. (Compl. ¶ 49.) An action to quiet title requires a verified complaint that sets forth all of the following elements: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (Cal. 1934); *see also Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (Cal. Ct. App. 1974) (holding that the trustor is unable to quiet title "without discharging his debt").

Defendants argue that to the extent Plaintiffs' claim is premised on the fraudulent conduct Plaintiffs have alleged as part of their first and seventh causes of action, their quiet title claim necessarily fails. (Defs.' Mot. at 12.) As indicated above, the Court finds that Plaintiffs have failed to adequately plead their fraud and misrepresentation claims. Thus, the Court agrees with Defendants that Plaintiffs' fraud allegations cannot sustain their quiet title claim.

Furthermore, Defendants argue that Plaintiffs' quiet title claim is subject to dismissal because Plaintiffs are in default. Although Plaintiffs allege that they are "willing and able to tender any and all amounts due to Defendants," Plaintiffs must at least allege that they are financially capable of tendering the loan proceeds to sustain a claim for quiet title. *See Mitchell v. Bank of Am.*, 2011 WL 334988, at *3 (S.D. Cal. Jan. 31, 2011). As discussed below, Plaintiffs have failed to allege satisfaction of the tender requirement, and therefore Plaintiffs' claim for quiet title is dismissed, with leave to amend.

//

//

**E.     Rescission and Damages Under The Truth in Lending Act**

In their fifth cause of action, Plaintiffs allege that Defendants violated TILA and the Home Ownership and Equity Protection Act ("HOEPA"), and seek damages and rescission. Defendants move to dismiss Plaintiffs' claim on the grounds that: (1) the TILA damages claim is time-barred and equitable tolling is inapplicable; (2) the TILA recission claim is barred by the three-year statute of repose; (3) Plaintiffs failed to adequately aver that they have tendered or that they have the ability to tender the loan proceeds; and (4) the HOEPA claim is duplicative and time-barred. The Court will address each of Defendants' arguments in turn.

*1.     Damages Under TILA*

An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. § 1640(e). A TILA violation occurs on "the date of consummation of the transaction," *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226(a)(13). Accordingly, Defendants argue that the claim for damages is time-barred. The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915.

Here, Plaintiffs consummated their loan on January 10, 2008, but the Complaint was not filed until February 17, 2012, well over a year after the consummation of the transaction. In their opposition, Plaintiffs allege that they "did not learn of the fraudulent misrepresentations and the TILA violations in their loans until years after the loan transaction was consummated." (Pls.' Opp'n at 9.) Beyond conclusory statements that Defendants acted fraudulently, however, neither the Complaint nor the opposition contains any relevant dates or similar information to provide a basis from which to allege equitable tolling. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Accordingly, Plaintiffs' TILA claim for damages is dismissed, with leave to amend.

*2.     Rescission Under TILA*

Plaintiffs also bring a TILA rescission claim. Plaintiffs contend that as a result of Defendants' failure to provide the required disclosures, Plaintiffs have a continuing right to rescind the loan under

TILA. Defendants argue that Plaintiffs' claim for rescission should be dismissed because it is time-barred by the three-year statute of limitations and Plaintiffs do not allege their ability to tender the full amount of the loan.

### a.   Timeliness of Plaintiffs' TILA Rescission Claim

Under TILA, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). Section 1635(a) provides that a borrower initially has three days following the consummation of the transaction or the delivery of the disclosure forms required under Section 1635 to notify the creditor of his intent to rescind. 15 U.S.C. § 1635(a). However, if the creditor either fails to provide notice of the borrower's right of rescission, or fails to make a material disclosure, the three-day period is extended to three years. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)). Specifically, Section 1635(f) of TILA provides in pertinent part:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]

15 U.S.C. § 1635(f).

Here, Plaintiffs contend that Defendants did not provide them with a completed copy of the Notice of Right to Cancel because "it did not provide the proper date in which Plaintiffs could cancel." (Compl. ¶ 23(I).) Plaintiffs further allege that, even if Defendants had a signed copy that was complete, "it was ineffective because it was not properly delivered to the Plaintiffs." (Pls.' Opp'n at 14.) Specifically, Plaintiffs allege that Defendants failed to provide them with two copies of the Notice of Right to Cancel. (Compl. ¶ 23(II).) Plaintiffs' claim is therefore governed by the three-year limitations period in Section 1635(f). Defendants contend that because Plaintiffs commenced this lawsuit more than three years after the consummation of the loan, their TILA rescission claim is time-barred. Although Plaintiffs allege that "the *Beach* decision never characterized the three-year rescission period as a statute of repose" (Pls.' Opp'n at 15), this Court has explicitly ruled that Section 1635(f) "is a statute of repose that completely extinguishes the right of rescission after three years." *Gutierrez v.*

*PNC Mortg.*, 2012 WL 1033063, at *5 (S.D. Cal. Mar. 26, 2012) (citing *Beach*, 523 U.S. at 412). Therefore, equitable tolling does not apply to Plaintiffs' TILA rescission claim.

### b. *Failure to Allege Present Ability to Tender*

Defendants also urge the Court to dismiss Plaintiffs' TILA claim because they failed to adequately allege facts demonstrating that they are able to tender the loan proceeds. Section 1635(b) sets forth the protocol for return of money and property when a borrower exercises his right to rescind. Pursuant to Section 1635(b), the creditor must return all money and property paid to the borrower and terminate the security interest in the property within 20 days of receiving notice of rescission. 15 U.S.C. § 1635. Once the creditor completes its obligation, the borrower must tender the property he received from the creditor. *See id.* The implementing regulation for 1635(b) establishes a similar protocol for the borrower and creditor upon rescission. *See* 12 C.F.R. § 226.23. The Ninth Circuit has held that district courts have the discretion to modify the sequence of rescission of events, including conditioning rescission on tender by the borrower of the property he received from the lender. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171, 1173 (9th Cir. 2003); *Ljepava v. M.L.S. C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975). Whether a court should exercise its discretion and alter the sequence of procedures under Section 1635(b) must be determined on a case-by-case basis, considering the entirety of the circumstances, including the nature of the violations and the borrower's ability to repay the proceeds. *Yamamoto*, 329 F.3d at 1173; *see also Cook v. Wells Fargo Bank*, 2010 WL 1289892, at *4 (S.D. Cal. Mar. 26, 2010) (relying on *Yamamoto* and dismissing TILA rescission claims at the motion to dismiss stage on the ground that the borrower failed to allege a present ability to tender).

Here, Plaintiffs have alleged that they "are willing and able to tender any and all amounts due to Defendants upon the condition that Defendants do likewise, as said amounts are determined in a judgment by this Court." (Compl. ¶ 49.) Defendants, however, argue that "[g]iven Plaintiffs admitted default on the loan, without additional facts, their words are meaningless." (Defs.' Reply at 7.) Although Plaintiffs have alleged an "ability to tender," Plaintiffs' allegation is conclusory and there are no other facts in the Complaint or in the opposition demonstrating such an ability. Plaintiffs must set forth factual allegations demonstrating that they have the resources or may readily obtain them to be in a position to tender the loan proceeds. Absent such factual allegations, there is nothing in the Complaint

raising their right to rescission beyond the speculative level, making dismissal appropriate. *See Cook*, 2010 WL 1289892, at *5 (dismissing the plaintiffs' rescission claim with leave to amend because the plaintiffs had merely pled a "willingness" or "preparedness" to tender, but had not pled facts that would establish their ability to tender); *Valdez v. Am.'s Wholesale Lender*, 2009 WL 5114305, at *5 n.3 (N.D. Cal. Dec. 18, 2009) (describing the type of facts that would satisfy plaintiff's pleading burden).

Accordingly, the Court dismisses Plaintiffs' TILA claim with leave to amend to plead allegations regarding Plaintiffs' ability to tender.

### 3. *Plaintiffs' HOEPA Claim*

Plaintiffs also seek damages and rescission of their loan under HOEPA. HOEPA requires additional disclosures that for "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." *See Lynch v. RKS Mortg., Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 304 (3d Cir. 2005)). HOEPA is not itself an independent regulatory scheme, but rather it is an amendment to TILA codified at 15 U.S.C. § 1639. Claims under HOEPA are governed by the same statute of limitations as are claims under TILA—three years for claims seeking rescission, which begins to run from "the date of consummation of the transaction," and one year for claims seeking damages, which begins to run from "the occurrence of the violation." 15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3). Like Plaintiffs' TILA claim, their allegations under HOEPA are time-barred, and thus Plaintiffs' claim is dismissed, with leave to amend.

## F. California Unfair Business Practices

Plaintiffs' sixth cause of action alleges that Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200. Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices. *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). By proscribing "any unlawful" business practice, Section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable. *Id.* "Violation of almost any federal, state, or

local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 838–39 (Cal. Ct. App. 1994)).

In the instant case, Defendants move to dismiss Plaintiffs' claim, arguing that because Plaintiffs' Complaint fails to state a claim for any underlying violation, they cannot maintain their unfair competition law claim. (Defs.' Mot. at 17.) As discussed above, Plaintiffs have failed to sufficiently plead their TILA and fraud claims, subjecting those claims to dismissal. Because Plaintiffs have failed to state claims for any underlying violation of state or federal law, they cannot proceed on their unfair competition law claim under Section 17200. *See Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (Cal. Ct. App. 1999) (sustaining a demurrer to a Section 17200 claim because there was no violation of alleged predicate law); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 n.3 (9th Cir. 2008) (holding that the UCL cannot be used to remedy violations of a time-barred TILA claim). Furthermore, to the extent that Plaintiffs claim is based on or grounded in fraud or deceptive conduct by Defendants, the claim fails to meet Rule 9(b) pleading standards. *See Romero v. Countrywide Bank, NA*, 740 F. Supp. 2d 1129, 1147 (N.D. Cal. 2010) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-27 (9th Cir. 2009)).

Accordingly, Plaintiffs' sixth cause of action is dismissed, with leave to amend.

**G.    Violation of HAMP Under The Emergency Economic Stabilization Act of 2008**

Plaintiffs' eighth cause of action is for violation of HAMP under the Emergency Economic Stabilization Act of 2008 ("EESA"). Plaintiffs allege that Defendants entered into a Servicer Participation Agreement ("SPA") with the Federal National Mortgage Association ("Fannie Mae"), in which they "agreed to act in good faith and conduct all due diligence to perform certain loan modification and foreclosure prevention services for eligible loans," including Plaintiffs' loan. (Compl. ¶ 77.) Plaintiffs allege that Defendants did not act in good faith or conduct due diligence regarding HAMP as it applies to their loan, and thus Plaintiffs were denied the right to modify the loan. (*Id.* at ¶ 80.)

Defendants contend that Plaintiffs do not have any cause of action for violation of HAMP. (Defs.' Mot. at 18.) In their opposition, Plaintiffs rely on the Seventh Circuit's holding in *Wigod v. Wells Fargo Bank, N.A.*, 2012 WL 727646 (7th Cir. Mar. 7, 2012), to assert that claims based on HAMP

are valid. (Pls.' Opp'n at 17.) This Court, however, found that "most district courts in the Ninth Circuit, as well as the Seventh and Eleventh Circuit Courts of Appeals, have held that even though entering into the HAMP SPA imposes certain obligations on participating servicers and lenders to take steps to avoid foreclosures, agreements under the HAMP SPA do not provide an express or implied private right of action for borrowers as third party beneficiaries." *Gutierrez*, 2012 WL 1033063, at *12 (citing *Wigod*, 2012 WL 727646, at *15). As district courts have recognized, "it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans." *See Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773, at *4 (N.D. Cal. June 30, 2010). This Court therefore finds that the HAMP SPA itself does not grant Plaintiffs a private remedy against a lender or servicer, nor does it require Defendants to offer Plaintiffs a loan modification.

Accordingly, Plaintiffs' eighth cause of action is dismissed, with prejudice.

**H.     Accounting**

Plaintiffs' ninth cause of action is for accounting. An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (Cal. Ct. App. 1977). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *Id.*; *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478-79 (1962) ("Plaintiff must be able to show that the accounts between the parties are of such complicated nature that only a court of equity can satisfactorily unravel them.").

Plaintiffs here allege that Defendants manipulation of the finance charges of the subject loan "inflate[d] a broader board of figures such as the APR, Amount Financed, and Finance Charges as disclosed on the Truth in Lending Disclosure Statement." (Compl. ¶ 23.) However, Plaintiffs fail to provide authority to support their contention that their "allegations relate directly to the complicated accounts" between the parties. (*See id.*) Thus, Plaintiffs have not alleged the account is so complicated that a judicial accounting is necessary.

Furthermore, as discussed above, Plaintiffs have not sufficiently stated a claim for breach of fiduciary duty or fraud. *See Union Bank v. Superior Ct.*, 31 Cal. App. 4th 573, 593-94 (Cal. Ct. App.

1995) (stating that the right to accounting only arises where there is a fraud or some fiduciary duty). Finally, because this Court finds that Plaintiffs have no remaining valid claims, an accounting is not available. *See Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 833-34 (Cal. Ct. App. 1998) (stating that the right to an accounting is derivative and must be based on other claims).

Accordingly, Plaintiffs' ninth cause of action is dismissed, with leave to amend.

**I.     Cancellation of Instrument**

Plaintiffs' tenth cause of action is for cancellation of instrument. In an action for rescission or cancellation of instruments, a complainant is required to do equity "by restoring to the defendant any value the plaintiff received from the transaction. The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (Cal. Ct. App. 1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (Cal. Ct. App. 1971). As set forth above, Plaintiffs have inadequately pled tender as a necessary prerequisite to cancellation of the instrument.

Moreover, "a nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.' This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity," which Plaintiffs have not presented. *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1258 (Cal. Ct. App. 2005). A nonjudicial foreclosure sale on the Property was conducted on April 20, 2012. Plaintiffs challenge the foreclosure and the validity of the Assignment of Deed of Trust based on MERS' authority as the beneficiary under the Deed of Trust. (Compl. ¶ 85.) Specifically, Plaintiffs assert that MERS has no standing to assign security instruments as "they are not the real party in interest to the loan and have no stake in the mortgage." (*Id.* at ¶ 84.) Plaintiffs additionally allege that Sharon Morgan, who signed the Deed of Trust as Vice President of MERS, is actually an employee of Flagstar Bank, FSB without the authority with which she acted. (*Id.*)

Defendants assert that as the nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party. *See* Cal. Civ. Code § 2924 (providing that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence foreclosure). Defendants further argue that the plain language of the Deed of Trust grants MERS the authority to

initiate any foreclosure proceedings. *See, e.g.*, *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157 (Cal. Ct. App. 2011) (holding that provision in the deed of trust granting MERS the authority to initiate a foreclosure was valid, even if MERS did not hold a beneficial interest in the deed of trust, where MERS was designated as nominee for lender and lender's successors and assigns); *Kurek v. Am.'s Wholesale Lender*, 2011 WL 3240482, at *1 (N.D. Cal. July 28, 2011) ("Plaintiff's position that MERS has no standing to initiate foreclosures . . . is incorrect since . . . Plaintiff's Deed of Trust authorized MERS to act as a beneficiary as well as initiate any foreclosure proceedings."). In their opposition, Plaintiffs rely on decisions from bankruptcy courts and out-of-state jurisdictions that found problems with the role of MERS in foreclosures. However, the non-binding bankruptcy decisions cited by Plaintiffs (e.g., *In re Walker* and *Luis E. Gallardo v. US Nat'l Ass'n*) have been rejected or distinguished. *See Kurek*, 2011 WL 3240482, at *2 (citations omitted). Therefore, the Court agrees with Defendants that MERS has the right to foreclosure as the nominee and beneficiary under the Deed of Trust.

Accordingly, Plaintiffs' tenth cause of action is dismissed, with leave to amend.

## IV.

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

On June 20, 2012 (more than three months after Defendants filed the instant motion to dismiss), Plaintiffs filed a motion for leave to amend the Complaint. Plaintiffs claim they seek only to add Federal National Mortgage Association ("Fannie Mae") as a Defendant to the lawsuit. (Doc. No. 14.)

As explained above, in granting the motion to dismiss, the Court is allowing Plaintiffs leave to amend the claims that do not fail as a matter of law. Because Plaintiffs already have leave to amend, their motion to amend is denied as moot. Nonetheless, if Plaintiffs choose to file an amended Complaint, they may add Fannie Mae as a Defendant to their surviving claims.

## V.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss and **DENIES AS MOOT** Plaintiffs' motion for leave to amend the Complaint. The Court dismisses with leave to amend Plaintiffs' claims for intentional misrepresentation, breach of covenant of good faith and fair dealing,

quiet title, rescission and damages under TILA, California Unfair Business Practices, fraud, accounting, and cancellation of instrument. The Court dismisses with prejudice Plaintiffs' claims for declaratory relief and violation of HAMP under the EESA.  With regard to the causes of action dismissed with leave to amend, Plaintiffs have thirty (30) days to submit an amended Complaint correcting the deficiencies noted herein.  Failure to do so will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

DATED:  July 25, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge